IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALICE WASHINGTON**                                                                                    **PLAINTIFF**

v.                                                                            CAUSE NO. 1:14CV269-LG-RHW

**DAVID BERNBERG, ET AL.**                                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO STAY

BEFORE THE COURT is the Motion to Stay Pending Resolution of State Court Claim [29], filed by the defendants.[1] Plaintiff Alice Washington has responded, but there has been no reply by the defendants. Having considered the parties' submissions, the record, and relevant legal authorities, it is the Court's opinion that the Motion to Stay should be denied.

### BACKGROUND

The defendants, who are lawyers and law firms, represented plaintiff Washington in a personal injury claim filed in the Circuit Court of Hancock County, Mississippi. Washington now has a new attorney in that lawsuit, and it is still pending. She has sued the defendants in this lawsuit alleging they committed legal malpractice in her Circuit Court case.[2] The defendants request that this legal

---

[1] At the time this Motion was filed, all of the defendants were represented by attorney David C. Goff. Goff has since been allowed to withdraw from representation, and the defendants were given time either to inform the Court that they either intended to proceed *pro se* or have new counsel enter an appearance. Malvern Burnett and the Law Offices of Malvern Burnett timely obtained new counsel, but David Bernberg and the Law Office of David Bernberg, LLC, have not.

[2] Washington claims that the defendants failed to file suit against the proper legal entities or properly serve process.

malpractice case be stayed until the Circuit Court case is resolved, because in order to prove malpractice, Washington will have to show that she would have been successful in the prosecution of the Circuit Court case. According to defendants, this requires Washington to prove the same set of underlying facts twice, which should lead the Court to impose a stay in this case pursuant to *Colorado River*.[3] Washington objects that the six-factor *Colorado River* analysis does not apply, because the claims in this case are not parallel to the claims in the Circuit Court case.

## DISCUSSION

Washington's Circuit Court case concerns her allegations that she was injured when a cabinet installed in a rental property fell on top of her. (Def. Mot. Ex. A, ECF No. 29-1). The named defendants are Bay Homes, LLC and Choice Management, Inc., who are alleged to own and manage the rental property. In contrast, neither Bay Homes nor Choice Management are named as defendants in this lawsuit, and the claims concern only legal representation, not injury resulting from the falling cabinet.

There is some commonality between the two lawsuits, but it is limited to the background for this legal malpractice case, and in any event, "concurrent state and federal proceedings are generally tolerated." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 371 (5th Cir. 1995). When a lawsuit involves a request for monetary or other relief, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, and "the pendency of an action in the state

---

[3] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colo. River*, 424 U.S. at 817-18. "[A] stay under *Colorado River* is permissible only when the federal and state cases are 'parallel.'" *Transocean Offshore USA, Inc. v. Catrette*, 239 F. App'x 9, 12 (5th Cir. 2007) (citations omitted). "This means that the suits must involve the same parties and the same issues." *Id.*

Clearly, the two lawsuits at issue here are not parallel, because they do not involve the same parties or the same issues. Other than the plaintiff herself, there are no common parties, and there are no common claims. Accordingly, weighing the *Colorado River* factors is neither appropriate nor necessary; consideration of the factors is appropriate only after the Court determines that it has discretion to abstain from exercising jurisdiction over a case pending before it. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002); *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). Because Washington's state and federal lawsuits are not parallel, the Court has no such discretion. The Motion to Stay will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' Motion to Stay Pending Resolution of State Court Claim [29] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE